UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-161 |
| | ) | (VARLAN/SHIRLEY) |
| TAMRAL GUZMAN &, | ) | |
| BRIAN DOWNEY, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is now before the Court on Defendant Tamral Guzman's Motion For Extension of Time Within Which to File Pretrial Motions [Doc. 26], filed on January 17, 2011. Defendant Brian Downey also filed a Motion to Adopt [Doc. 28] the Motion for Extension of Time Within Which to File Pretrial Motions [Doc. 26], on January 18, 2011. The parties appeared before the undersigned for a hearing on February 1, 2011. Assistant United States Attorney Frank M. Dale, Jr. was present on behalf of the Government. Attorney Michael B. Menefee was present on behalf of Defendant Tamral Guzman, who was also present. Attorney Christopher Scott Irwin was present on behalf of Defendant Brian Downey, who was also present.

Defendant Guzman's motion requests an extension of time to file pretrial motions and to continue the trial date. [Doc. 26]. At the hearing, Attorney Menefee requested additional time to file pretrial motions past the previously requested date of February 8, 2011, which was the date originally indicated in Defendant Guzman's motion. Additionally, Defendant Guzman's motion

1

requested a trial continuance. Attorney Menefee stated to the Court that he recently received additional discovery and was informed by the Government that more discovery is forthcoming. Attorney Menefee asserted that he needs time to review the discovery and prepare any necessary pretrial motions. The Court advised the Government to provide the additional discovery to the Defendants within the week. The Government stated that it had no objection to the Defendant's request for additional time to file pretrial motions or for a trial continuance in this case.

The parties agreed to a new trial date of June 20, 2011. Both parties stated that all time between the February 1, 2011, hearing date and the requested new trial date of June 20, 2011, should be fully excludable time under the Speedy Trial Act. Attorney Menefee stated that Defendant Guzman was aware of and understood her speedy trial rights. Attorney Irwin stated that Defendant Downey was aware of and understood his speedy trial rights. Attorney Menefee further stated that he had discussed the need for a trial continuance with the Defendant Guzman, and that Defendant wanted the trial to be continued. Attorney Irwin also asserted that he had discussed the need for a trial continuance with Defendant Downey, and Defendant wanted the trial to be continued. Both Defendants were questioned and agreed that they were aware of their speedy trial rights and wanted the trial continued.

First, the Court finds that the ends of justice served by continuing the trial outweigh the best interest of the Defendants and the public in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Given the approaching February 15, 2011, trial date, the Court finds that the failure to grant a continuance would deprive the Defendants of the time to review discovery material and to pursue any pretrial motions before this Court. The Court will then need time to conduct a hearing on any motions that are filed, along with those already filed, and time, not to exceed thirty days, to rule upon the motions

and/or to prepare report and recommendations. See 18 U.S.C. § 3161(h)(1)(D) & -(H). The parties will need time to file any objections, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties will need time to prepare for trial in light of the rulings on any motions and objections. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Court finds that the Defendant Guzman's Motion for Extension of Time Within Which to File Pretrial Motions [Doc. 26] and Defendant Downey's Motion to Adopt [Doc. 28] the Motion for Extension of Time Within Which to File Pretrial Motions are well-taken. Accordingly, Motion **[Doc. 26]** and Motion **[Doc. 28]** are **GRANTED**. The trial in this matter is hereby **CONTINUED** to **June 20, 2011.** The Court also finds, and the parties agree, that all time between the **February 1, 2011**, hearing and the new trial date of **June 20**, **2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(H), & (h)(7)(A)-(B). In addition, the motion deadline is extended to **February 25, 2011**. Responses to such pretrial motions are due on or before **March 11, 2011.**

With regard to other scheduling in this case, the parties are to appear for a pretrial conference and motion hearing on any pending motions on **March 22, 2011, at 2:00 p.m.** This is also the deadline for concluding reciprocal discovery. The plea negotiation deadline is **June 6, 2011.**

At the end of the hearing, Attorney Irwin indicated to the Court that he had concluded discussions with Defendant Downey regarding Defendant's contribution level to his Criminal Justice Act ("CJA") attorney appointment. On December 14, 2010, the Court found that although counsel was appointed, Defendant Downey was capable of contributing some payment toward his defense.

See 7 Guide to Judiciary Policy, Chapter 2-Appointment and Payment of Counsel, § 210.40.40 ("[T]he judicial officer should find the person eligible for the appointment of counsel under the CJA and should direct the person to pay the available excess funds to the clerk of the court at the time of such appointment or from time to time thereafter."). The Court and Defendant agreed that the amount of **$4,000** would be fair and reasonable over a two month period. The Court directs the Defendant to make his first payment of **$2,000** on **March 1, 2011**, and his second payment of **$2,000** on **April 1, 2011**, to the Clerk of this Court.

**IT IS ORDERED**:

(1) The Defendant Guzman's Motion For Extension of Time Within Which to File Pretrial Motions **[Doc. 26]** and Defendant Downey's Motion to Adopt **[Doc. 28]** are **GRANTED**;

(2) The trial of this matter is reset to commence on **June 20, 2011**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All the time between the **February 1, 2011,** hearing and the new trial date of **June 20, 2011**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) All pretrial motions must be filed on or before **February 25, 2011**. Responses to such pretrial motions are due on or before **March 11, 2011**;

(5) A pretrial conference and motion hearing is set for **March 22, 2011, at 2:00 p.m.** This is also the deadline for concluding reciprocal discovery;

(6) The deadline for concluding plea negotiations is **June 6, 2011**;

(7) Defendant Downey is directed to pay a total of **$4,000** toward his CJA appointed defense to the Clerk of the this Court. The first payment of **$2,000** is to be made on **March 1, 2011.** The second payment of **$2,000** is to be made on **April 1, 2011.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge