IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-161 |
| | ) | (VARLAN/SHIRLEY) |
| TAMRAL GUZMAN, | ) | |
| BRIAN DOWNEY, and | ) | |
| MAIMOUNE WRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on June 8, 2011, for an arraignment on the Second Superseding Indictment, scheduled pretrial conference, and motion hearing on Defendants Wright's Motion to Continue Trial Date and to Extend Deadline for Filing Pretrial Motions [Doc. 54], filed on May 25, 2011. Assistant United States Attorneys Alexandra Hui and Frank M. Dale, Jr., appeared on behalf of the Government. Attorney Michael B. Menefee was present representing Defendant Guzman. Attorney Christopher Scott Irwin was present representing Defendant Downey. Attorney Michael H. Meares was present representing Defendant Wright. All Defendants were present at the hearing.

Following the arraignment of the Defendants, the Court addressed Defendant Wright's motion. In her motion, Defendant Wright asks the Court to continue the June 20, 2011 trial date and to extend her pretrial motion-filing deadline. Attorney Meares asserts that a continuance

1

is necessary given the complex nature of the charge and the voluminous discovery in this case involving 12,907 pages of documents. At a minimum, Attorney Meares asserts that he anticipates filing a motion to dismiss on constitutional grounds, a detailed motion for disclosure of exculpatory evidence, and a motion to suppress certain oral statements made by Defendant Wright. At the hearing, Attorney Meares observed that Defendant Wright appeared before this Court for an initial appearance and arraignment on April 8, 2011. Attorney Meares stated that due to the complex nature of the charge and extent of documentation provided through discovery, he would need to expend a great deal of time investigating the case, reviewing discovery, and preparing for pretrial motions. Additionally, Attorney Meares anticipated that expert testimony would be necessary in order to explain certain elements of the offence in which Defendant Wright is charged.

Defendant Downey objected to a continuance of the trial date, stating that he was prepared to proceed to trial on June 20, 2011. Defendant Guzman had no objection and agreed that a continuance of the trial date was necessary in this case. Attorney Menefee informed the Court that while certain hard drive discovery had been available to all the Defendants, the Government was in the process of providing each Defendant with an individual copy of scanned documents found on the hard drives. Attorney Menefee stated that he would like additional time to review all the documents in this case. The Government asserted that it was in the process of providing all the Defendants with individual copies of such scanned documents, and that it did not object to continuing the trial date.

The Court finds the motion to continue the June 20, 2011 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The documentary and electronic

discovery in this case is voluminous. Defense counsel will need time to review discovery, to investigate the case, to determine what pretrial motions need to be filed, and to prepare those motions. Once any pretrial motions are filed and the government has submitted responses, the Court will need time to conduct hearings and issue rulings on any pending motions. The parties may need time to object to rulings on motions, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties will need time to prepare for trial in light of the rulings on any motions and objections. Given the extensive discovery involved in this case and the nature of the charges, the Court finds that all of this could not take place before the June 20, 2011 trial date or in less than six months. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

With regard to those Defendants who did not request additional time to review discovery or to file motions, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).[1] Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In the present case, the three Defendants are jointly indicted, and no motion for severance has been filed. The Court finds that the six-month

---

[1] Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7). Congress renumbered this section, effective October 2008, without changing its language.

delay caused by the need for adequate trial preparation to be reasonable. Accordingly, this delay is also attributable to Defendants Guzman and Downey. 18 U.S.C. § 3161(h)(6).

Defendant Wright's Motion to Continue Trial Date and to Extend Deadline for Filing Pretrial Motions [**Doc. 54**] is **GRANTED**, and the trial of this matter is reset to **December 6, 2011**. The Court also finds that all the time between the **June 8, 2011** hearing and the new trial date of **December 6, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B).

With regard to other scheduling in this case, the Court set a new motion-filing deadline for all Defendants of **August 1, 2011**. Responses are due on or before **September 1, 2011**. The reciprocal discovery deadline is **September 15, 2011.** A motion hearing and pretrial conference before the undersigned is set for **September 26, 2011, at 9:30 a.m.** The parties agreed on a plea negotiation cut-off deadline of **October 24, 2011**. The Court instructs the parties that all motions *in limine* must be filed no later than **November 21, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **November 28**, **2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Wright's Motion to Continue Trial Date and to Extend Deadline for Filing Pretrial Motions [**Doc. 54**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **December 6, 2011**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **June 8, 2011** hearing, and the new trial date of **December 6, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The motion-filing deadline is extended as to all Defendants to **August 1, 2011**;

(5)  Responses are due on **September 1, 2011**;

(6) The reciprocal discovery deadline is **September 15, 2011**;

(7)  A motion hearing and pretrial conference before the undersigned is set for **September 26, 2011, at 9:30 a.m.;**

(8) The plea negotiation cut-off deadline is set for **October 24, 2011;**

(9) The Court instructs the parties that all motions *in limine* must be filed no later than **November 21, 2011**; and

(10) Special requests for jury instructions shall be submitted to the District Court no later than **November 28**, **2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge