IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-161 |
| | ) | |
| TAMRAL GUZMAN, and | ) | (VARLAN/SHIRLEY) |
| MAIMOUNE WRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 21, 2011, for a motion hearing on Defendant Wright's Motion for a Continuance [Doc. 104], Defendant Tamral Guzman's Motion for Continuance [Doc. 108], and the Government's Motion to Sever Defendants [Doc. 106]. Assistant United States Attorney Frank M. Dale, Jr., appeared on behalf of the Government. Attorney Michael B. Menefee was present representing Defendant Guzman. Attorney Michael H. Meares was present representing Defendant Wright. Both Defendants were also present.

In her motion, Defendant Wright asks the Court to continue the December 6, 2011 trial date in this case to permit time for rulings on her pending pretrial motions and for trial preparations in light of those rulings. She notes that this case presents complex legal and factual issues. She also notes conflicts in her attorney's schedule that will make it difficult for trial preparations to be completed by December 6. Defendant Guzman also requests a trial continuance,

1

observing that the Third Superseding Indictment [Doc. 103] charges her in fifty-four new counts. Counsel for Defendant Guzman states that he needs time to review the discovery relating to the new counts in the Indictment with the assistance of an accounting expert. He also states that despite the help of the United States Attorney's Office and the IRS, he has not been able to open one terabyte of encrypted digital files, which the Government gave in discovery. At the hearing, Mr. Menefee stated that the encrypted files were copies of Defendant Guzman's computer hard drives from her home and work computers.

The Government does not object [Doc. 109] to the requested continuance. AUSA Dale assured the Court that the Government would make sure that Mr. Menefee had access to the discovery on the encrypted files. The Court directed the parties to let it know if the problems reviewing this discovery have not been resolved in one month. The parties agreed to a new trial date of April 24, 2012. They also agreed that the case should be declared complex for speedy trial purposes.

The Court finds the motions to continue the December 6, 2011 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court observes that on November 1, 2011, the Government filed a Third Superseding Indictment, adding fifty-four new counts against Defendant Guzman and extending the length of the conspiracy and changing some of the language in Count 1, which charges both Defendants. Defendant Guzman's counsel, in particular, needs time to review the discovery relating to these new counts and has expressed a desire to retain an expert. Additionally, it appears that Defendant Guzman's counsel has not been able to review a significant portion of the discovery relating to the prior Indictments because he

2

cannot view the encrypted files. Accordingly, counsel need additional time to resolve these discovery problems and to review discovery.

Additionally, Defendant Wright has filed seven pretrial motions. The Court held an evidentiary hearing and heard argument on these motions on September 26, 2011. On November 10, 2011, the Court filed a Report and Recommendation [Doc. 107] on the Defendant's motion to suppress her statements but presently has the remaining motions under advisement. The Court agrees that the Defendant has raised complex legal and factual issues. Due to the nature of the prosecution involving fifty-seven counts and the presence of complex legal and factual issues, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, the Court finds and the parties agree that a continuance is warranted in this case because the case is "complex" for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Finally, at the November 21 hearing, the Court heard argument on the Government's Motion to Sever Defendants. Although Defendant Wright has filed her own Rule 14 Motion for Relief from Prejudicial Joinder [Doc. 66], she seeks a severance of counts rather than defendants and objects [Doc. 110] to the Government's motion. At the hearing, the Court asked the Government to file under seal any written statements that it contends present a <u>Bruton</u> issue in this case and gave the parties time to file supplemental briefs with respect to this issue. Accordingly, the parties need additional time to litigate the question of whether and how this case should be severed. Once the Court rules on this and the remaining pretrial motions, some of which rulings will be by report and recommendation, the parties will need time to file any appeals or objections with the District Court, which will also need time to rule on the motions in light of the objections. 18 U.S.C. §

3

3161(h)(1)(H). Following the receipt of rulings on pretrial motions, the parties will need time to prepare for trial. The Court finds that all of this could not take place by the December 6, 2011 trial date or in less than five months. Accordingly, the Court finds that the failure to grant a continuance would deny counsel the time needed to prepare for trial, despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendants' Motions for Continuance [**Docs. 104 and 108**] are **GRANTED**, and the trial of this matter is reset to **April 24, 2012**. The Court also finds that all the time between the filing of Defendant Wright's motion on **November 7, 2011**, and the new trial date of **April 24, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), and -(7)(A)-(B). With regard to other scheduling in this case, the Government's deadline for filing a supplemental brief and for filing under seal any statements that it contends present a Bruton issue is **December 15, 2011**. The Defendants' supplemental briefs are due on or before **January 5, 2012**. The deadline for concluding pretrial negotiations in this case is **March 1, 2012**. The Court instructs the parties that all motions *in limine* must be filed no later than **April 9, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **April 13**, **2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Wright's Motion for Continuance [**Doc. 104**] and Defendant Tamral Guzman's Motion for Continuance [**Doc. 108**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **April 24, 2012**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **November 7, 2011**,

4

and the new trial date of **April 24, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) This case is declared complex for purposes of the Speedy Trial Act;

(5) The Government must file its supplemental brief relating to its Motion to Sever Defendants and must file under seal any written statements that it contends present a <u>Bruton</u> issue by **December 15, 2011**;

(6) The Defendants' responding supplemental briefs are due on or before **January 5, 2012**;

(7) The plea negotiation cut-off deadline is set for **March 1, 2012;**

(8) The Court instructs the parties that all motions *in limine* must be filed no later than **April 9, 2012**; and

(9) Special requests for jury instructions shall be submitted to the District Court no later than **April 13**, **2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge