UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CR-161-1 |
| | ) | (VARLAN/SHIRLEY) |
| TAMRAL GUZMAN, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

This criminal case is before the Court on the defendant's Motion for a Judgment of Acquittal or in the Alternative Motion for New Trial [Doc. 257]. The United States responded, opposing the motion [Doc. 262]. The Court has reviewed the motion and the government's response, and considered the arguments of the parties in light of the relevant and controlling law. For the reasons that follow, the motion for acquittal or for a new trial will be denied.

**I. BACKGROUND**

The defendant, Tamral Guzman, was charged in a fifty-seven count third superseding indictment with conspiracy to distribute controlled substances, including oxycodone, hydrocodone, and others, in violation of 21 U.S.C. § 846, possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(2), money laundering, in violation of 18 §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(ii), and structuring, in violation of 31 U.S.C. §§ 5324(a)(3) and

5324(d)(2) [Doc. 103]. In September 2012, the defendant proceeded to a jury trial before the undersigned [*See* Docs. 208-15, 217-219]. At the close of the government's case-in-chief, the defendant, through counsel, made a motion for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, which the Court denied. Prior to the close of proof, the defendant failed to appear at trial, in violation of the terms of her pretrial release [Doc. 216]. Defense counsel renewed the defendant's motion on her behalf at the close of proof, which the Court again denied.

The jury returned a verdict on October 4, 2012, finding the defendant guilty on all counts *in absentia* [Doc. 220]. The defendant was subsequently apprehended in Hollywood, Florida on October 31, 2012. On January 3, 2013, the defendant pleaded guilty to Count One in a three-count indictment in Case No. 3:12-CR-153 for willful failure to appear, in violation of 18 U.S.C. § 3146(a)(1), pursuant to a signed plea agreement [Docs. 27, 29]. The defendant appeared before the undersigned for sentencing in both cases on April 18, 2013. Prior to sentencing, on April 17, 2013, the defendant filed a sentencing memorandum [Doc. 249] containing arguments for a downward departure and/or variance based upon many of the same arguments now presented in the instant motion. At sentencing, the undersigned denied the defendant's requests for a departure and/or variance and sentenced her to a term of imprisonment of 258 months, which included a statutory maximum term of 240 months as to Counts One through Eight, 120 months for Counts Nine through Fifty Seven, to be served concurrently, and

2

Case 3:10-cr-00161-TAV-CCS   Document 275   Filed 08/05/13   Page 2 of 7   PageID #: 2858

18 months as to Count One in Case No. 3:12-CR-153, to be served consecutively [Doc. 259].

The defendant asserts several grounds for relief, which can be grouped into two categories: (1) the presence of errors during the course of the trial that require the defendant's acquittal and/or a new trial; and (2) the discovery of new material evidence that warrants a new trial. The Court will address each in turn.

## II.     ANALYSIS

### A.     Motion for Acquittal and Motion for New Trial Based on Trial Errors

The defendant first argues that there was insufficient evidence to convict her on the fifty-seven counts in the indictment and that there were other errors during the course of the trial that require her acquittal pursuant to Rule 29(c) of the Federal Rules of Procedure, or in the alternative, warrant a new trial pursuant to Rule 33(a).

A Rule 29(c) motion is a challenge to the sufficiency of the evidence, raised following a jury verdict or discharge. *See* Fed. R. Crim. P. 29(c). Rule 29(c)(1) states that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Rule 33 of the Federal Rules of Criminal Procedure provides that, on motion of a defendant, the Court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33(b)(2) states that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."

3

The time limitations set forth in both Rule 29(c) and Rule 33(b)(2) have been strictly construed. *United States v. Emuegbunam*, 268 F.3d 377, 397 (6th Cir. 2001); *see also United States v. Sheppard*, 149 F.3d 458, 462 (6th Cir. 1998) (citing *Carlisle v. United States*, 517 U.S. 416, 418 (1996)) (noting that Rule 29(c)'s time limitation has been strictly enforced). Failure to comply with the time limits set forth in Rule 29(c) and 33(b)(2) "deprives the district court of jurisdiction to even consider the motion." *United States v. Hough*, 276 F.3d 884, 899 (6th Cir. 2002) (citing *United States v. Koehler*, 24 F.3d 867, 869 (6th Cir. 1994)). "Untimely 'renewed' or 'supplemental' motions do not relate back to timely filed motions." *United States v. Henning*, 198 F.3d 247, 1999 WL 1073669, at *2 (6th Cir. Nov. 16, 1999); *see also Sheppard*, 149 F.3d at 463 (holding that district court lacked jurisdiction over untimely filed Rule 29 motion, even though defendant had filed initial unsuccessful Rule 29 motion at close of trial). As the *Henning* court noted, "allowing motions after the time limit would undermine the reasons for these limits, such as avoiding the uncertainty and confusion that would result from delayed decisions." 1999 WL 1073669, at *2.

In this case, defendant was found guilty as to Counts One through Fifty-Seven of the Third Superseding Indictment on October 4, 2012 [Doc. 220]. Under the fourteen-day period set forth in Rules 29(c) and 33(b)(2), and using the general rules for computing time as set forth in Rule 45 of the Federal Rules of Criminal Procedure, the time for the filing of a motion under either rule expired on October 18, 2012. The defendant did not file any motion or request an extension of time within this period, and

4

did not file the present motion until April 17, 2013, approximately 180 days after the expiration of the fourteen-day limitation. The defendant refers to Rule 45 in passing in her motion, but does not cite to any reason for which the Court could grant an extension of time beyond the fourteen-day period set forth in Rules 29(c) and 33(b)(2), nor provide any justification for why her motion was untimely. Because the time limitations in both Rules 29(c) and 33(b)(2) are strictly enforced, the Court does not have jurisdiction to determine the defendant's motion on the merits and will not do so.

### B. Newly Discovered Evidence

The defendant also requests a new trial on the basis of newly discovered evidence under Rule 33. Specifically, the defendant claims that, while preparing for sentencing in this matter, her counsel learned that the government used hydrocodone in its Schedule III form in its exhibits and proof at trial to prove the elements of the crimes rather than Schedule II hydrocodone as charged in the Third Superseding Indictment.

Rule 33, in relevant part, states that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). "The defendant bears the burden of showing that a new trial ought to be granted." *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). Motions for a new trial based on newly discovered evidence are disfavored. *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986). To obtain a trial on this basis, a defendant must establish:

> (1) the new evidence was discovered after trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material

5

and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal.

*United States v. Jones*, 399 F.3d 640, 648 (6th Cir. 2005) (quoting *O'Dell*, 805 F.2d at 640). "New legal theories or new interpretations of the legal significance of evidence do not constitute 'newly discovered evidence' for the purposes of Rule 33." *United States v. Viola*, No. 1:08 CR 506, 2012 WL 3044295, at *2 (N.D. Ohio July 25, 2012) (citing *United States v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991)).

Turning to the first factor of the analysis, the government's exhibits and evidence containing or otherwise referring to hydrocodone, whether in Schedule II form or in Schedule III form, are not "newly discovered evidence" for the purposes of Rule 33. As the defendant notes in her motion, the exhibits and evidence containing hydrocodone were used by the government during the trial. The evidence was present in the courtroom during the course of the trial, and its proper classification was the subject of discussion prior to the delivery of the jury instructions. Moreover, the statements made by the government's witnesses and testimony referring to the hydrocodone were subject to cross examination by defense counsel. In light of this background, the defendant's arguments about latently discovering the nature of the evidence in this case are analogous to the discovery of a "new theory" or a "new interpretation of the legal significance" about previously presented evidence, both of which are insufficient bases for granting a new trial under Rule 33. The Court thus concludes that this evidence is not "newly discovered" so as to warrant a new trial under the first *O'Dell* factor.

6

Because the Court concludes that the evidence the defendant has referenced is not genuinely "newly discovered" the Court need not address the other *O'Dell* factors. *See United States v. Sims*, 156 F. Supp. 2d 655, 661 (E.D. Mich. 2001) (noting that the "[d]efendant's failure to prove any one of the factors discussed above is fatal" to a motion for new trial").[1]

## III. Conclusion

For the reasons discussed herein, the defendant's Motion for a Judgment of Acquittal or in the Alternative Motion for New Trial [Doc. 257] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although the Court need not consider it, the Court's conclusion as to the first factor is bolstered by examining the second factor, that is, whether the evidence could not have been discovered with due diligence. The defendant has not argued that her counsel was not given the opportunity to examine or otherwise inspect the evidence. Thus, the defendant, through due diligence during the trial, could have discovered any discrepancy with the evidence and exhibits used by the government and made the appropriate motion at that time.