UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TAMRAL GUZMAN, | ) | |
| Petitioner, | ) | |
| | ) | Nos. 3:10-cr-161-01, 3:15-cv-57 |
| v. | ) | Chief Judge Varlan |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**RESPONSE TO PETITIONER'S MOTION TO AMEND
PETITION FILED PURSUANT TO 28 U.S.C. § 2255**

The United States of America hereby responds in opposition to petitioner's motion to

amend her pending motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

For over two years, petitioner owned and operated an illicit pain clinic that illegally

prescribed and distributed controlled substances—primarily pain pills—to thousands of

individuals for cash. (R. 272, Trial Tr., PageID# 2653; R. 268, Trial Tr., PageID# 1633.) In

2012, a jury convicted petitioner of all fifty-seven charged counts, including conspiring to

distribute and to possess with the intent to distribute oxycodone, hydrocodone, and other

controlled substances, in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(C), and (b)(2),

laundering the proceeds of the conspiracy, in violation of 18 U.S.C. § 1956, and structuring

financial transactions to avoid detection, in violation of 31 U.S.C. § 5324. (R. 220, Jury

Verdict.) A jury also found that at least $2,149,025.59 was the amount paid to petitioner in

furtherance of the conspiracy to distribute controlled substances, that at least $65,712.40 was the

amount of money representing property involved in or traceable to the acts of money laundering,

---

[1] A more complete factual summary is set forth in the government's response to
petitioner's initial § 2255 motion. (R. 320, Resp. to § 2255 Motion.)

and that at least $298,020 was the amount of money representing property involved in or traceable to the acts of structuring transactions. (R. 221, Special Verdict Form at 1-2.) The jury also found that three parcels of real property, a fishing boat and trailer, two bank accounts, and $25,000, among other items, were proceeds of the conspiracy or otherwise involved in or traceable to petitioner's money laundering or structuring transactions. (*Id.* at 3-5.) Each of those items was thus criminally forfeited, and petitioner was additionally sentenced to 240 months' imprisonment.[2] (R. 259, Judgment at 2, 7-8.)

Petitioner appealed to the Sixth Circuit Court of Appeals, which affirmed her conviction on July 2, 2014. *United States v. Guzman*, 571 F. App'x 356 (6th Cir. 2014). She then filed a timely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which she alleged that her counsel provided constitutionally ineffective representation, that the evidence at trial was insufficient for her convictions, that this Court erred in determining her drug quantity and in applying a leadership enhancement, that she suffered an *ex post facto* violation because she was sentenced under the 2012 Guidelines instead of the 2009 Guidelines, and that the Court erred in calculating the amount of forfeiture. (R. 303, § 2255 Motion at 2-13; R. 303-1, Memorandum at 2-4, 25-26, 28-30, 35-36, 39-48.) The United States responded in opposition (R. 320, Resp. to § 2255 Motion), and petitioner filed a reply, in which she disputed the government's recitation of the evidence presented at trial. (R. 324, Reply.)

---

[2] Before her trial concluded, petitioner absconded to Florida. (R. 217, Minute Entry.) She was apprehended more than a month after her trial concluded and was separately convicted of failing to appear, in violation of 18 U.S.C. § 3146(a)(1). (R. 244, Warrant Return; R. 259, Judgment at 2.) She received a consecutive sentence of 18 months' imprisonment for that offense. (R. 259, Judgment at 2.)

More than a year after her conviction became final,[3] petitioner filed an addendum to her

§ 2255 motion with an entirely new claim that her conviction allegedly violated the *ex post facto*

clause because a 2011 Tennessee law had created a new regulatory scheme for the operation of

pain-management clinics.  (R. 325, Addendum.)  This Court did not order the government to

respond.  Because the addendum was filed more than one year after petitioner's judgment

became final, it is untimely.  28 U.S.C. § 2255(f).  In any event, the claim in petitioner's

addendum is facially implausible because Tennessee's regulatory scheme is wholly irrelevant to

her federal convictions.

In April 2016, petitioner moved to amend her § 2255 motion, alleging two new claims

ostensibly based on *Luis v. United States*, 136 S. Ct. 1083 (2016).  (R. 329, Motion to Amend.)

In *Luis*, the Supreme Court held that "the pretrial restraint of legitimate, untainted assets needed

to retain counsel of choice violates the Sixth Amendment."  *Luis*, 136 S. Ct. at 1088.  Petitioner

alleged that counsel was constitutionally ineffective because he did not "assist [her] in obtaining

untainted assets so she could retain counsel of choice" and that her Sixth Amendment rights were

violated because the government supposedly "retained untainted assets."  (R. 329, Motion to

Amend at 1.)  The United States now responds under this Court's order.  (R. 336, Order.)

**ARGUMENT**

I.      **Petitioner's motion to amend should be denied because her new claims do not relate
        back to the claims in her initial § 2255 motion.**

A motion to amend or supplement a § 2255 motion "will be denied where it is filed after

[the limitation] period expires unless the proposed amendment relates back to the date of the

_____

[3] Petitioner's judgment became final on September 30, 2014.  *See Clay v. United States*,
537 U.S. 522, 532 (2003); *see also* S. Ct. Rule 13 (stating that a petition for writ of certiorari
must be filed within 90 days after entry of judgment or the denial of a rehearing).

original pleading within the meaning of [Federal] Rule [of Civil Procedure] 15(c)(2)." *Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008). The burden thus rests upon petitioner to show that the claims in her motion to amend "relate back" to her timely, initial § 2255 motion, yet she has not even alleged, much less established, that her claims satisfy that standard.

Rule 15 states that an amendment may "relate back" to the date of the original pleading if the proposed claim "arose out of the conduct, transaction, or occurrence" set forth in the original pleading. Fed. R. Civ. P. 15(c)(2). In the context of habeas proceedings, the Supreme Court has interpreted that to mean that the new claims must be based on the "same core facts" relied upon in a timely-filed petition; a late-filed claim is unreviewable if it turns upon "events separate in 'both time and type' from the originally raised episodes." *Mayle v. Felix*, 545 U.S. 644, 657 (2004). Without the requirement of a "common core of operative facts," the "limitation period would have slim significance." *Id*. at 662. It is insufficient—and a claim is time-barred—if the new claim merely arises from the same trial, conviction, or sentence. *Id*.; *see also id*. at 657 (explaining that any other rule would mean that "virtually any new claim . . . [would] relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence"); *United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2016) (dismissing motion to amend alleging "an entirely new claim" that did not relate back to timely-filed § 2255 motion); *Hill v. Mitchell*, 842 F.3d 910, 925 (2016) (motion to amend time-barred where claims did not share a "common core of operative facts" with claims in timely-filed § 2255 motion); *Wiedbrauk v. Lavigne*, 174 F. App'x 993, 100-02 (6th Cir. 2006) (deeming claims time-barred and unreviewable because they did not "share a factual basis with any [timely-filed] claims"); *Oleson v. United States*, 27 F. App'x 566, 571 (6th Cir. 2001) (holding that an "entirely new" argument cannot "escape the AEDPA statute of limitations," and that any such proposed amendment is

"futile"); *see also United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.").

To assess whether the claims in petitioner's motion to amend involve the same "core of operative facts" as the timely-filed motion, this Court must necessarily evaluate what facts were set forth in the timely motion. In her original motion, petitioner alleged various ineffectiveness claims, including that counsel was ineffective for not conducting a thorough investigation, for not challenging the conspiracy charge in the indictment, for not filing various pre-trial motions or calling certain witnesses, for not moving for a new trial, and for not challenging certain evidence and drug quantities. (R. 303-1, Memorandum at 2, 25-26, 28-30, 35-36, 39-48.) She also alleged that the district court erred in calculating the amount of forfeiture, because "[e]very dollar in receipts (not proceeds) was charged" and "[s]ome of the same dollars" were allegedly related to both the money laundering and drug conspiracy charges. (R. 303-1, Memorandum at 12.) She also alleged that counsel did not "bring up the forfeiture challenge" on direct appeal. *Id.* Nowhere did petitioner allege that the forfeited property was unrelated to her criminal offenses or that the government violated her constitutional rights when it filed a notice of forfeiture as to particular assets. (*See* R. 235, Notice of Forfeiture.)

None of the allegations in petitioner's timely-filed § 2255 motion share a factual basis with the claims in her motion to amend. For example, petitioner's original challenge to the amount of forfeiture involved the testimony of Special Agent Loudon, who testified about the pain-management clinic's income during the years in which petitioner was its owner, and of Dr. Kapoor, who testified that "90-95% of all patients seen at the clinic had legitimate chronic pain." (*Id.* at 69.) Based on Dr. Kapoor's testimony, petitioner disputed the district court's

5

determination that *all* of the clinic's income should be subject to forfeiture, and that petitioner

should be personally liable if the clinic's income did not cover the full amount of the forfeiture

judgment. (*Id.* at 69-70.) That claim is markedly different from the claims in petitioner's motion

to amend, which focus solely on the *pretrial* forfeiture of allegedly untainted assets. (R. 329,

Motion to Amend at 1.) Petitioner's original § 2255 motion is silent on that point. Nor did

petitioner allege in her initial § 2255 motion that counsel was ineffective because he did not

challenge the forfeiture proceedings before or during trial.[4] The claims in her initial § 2255

motion revolved around counsel's pre-trial investigation and trial strategy, while the claims in

her motion to amend purport to arise solely from the Supreme Court's holding in *Luis*, which

involved only *pretrial* forfeiture proceedings. (R. 329, Motion to Amend at 2-3.) Although

petitioner quotes *Luis* at length (*see id.* at 2-3), she fails to allege any facts that would arguably

arise from the same core of operative facts as the claims in her initial § 2255 motion. While

petitioner alleges in her initial § 2255 motion that counsel did not "bring up the forfeiture

challenge" on direct appeal (R. 303, § 2255 Motion at 12), that allegation is wholly distinct from

her current allegation that appointed counsel was ineffective for not helping her find untainted

assets before trial so she could hire different counsel. (R. 329, Motion to Amend at 1.) Because

the claims in petitioner's motion to amend do not share a common set of operative facts with the

claims in her initial § 2255 motion, they do not relate back and are therefore untimely.

II.     *Luis* **did not announce a new rule retroactively applicable to petitioner on collateral review.**

Petitioner's *Luis*-based claims are meritless because *Luis* was decided after her judgment

became final and is not retroactively applicable to cases on collateral review. In *Luis*, the

---

[4] Petitioner asserted that counsel did not challenge the district court's forfeiture judgment on appeal, but she did not fault counsel for not doing so, nor did she allege that counsel was ineffective for not doing so. (R. 303, § 2255 Motion at 12.)

Supreme Court held that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." 136 S. Ct. 1083, 1088 (2016). Even assuming petitioner had any untainted pretrial assets (she does not allege that she did)—and that she would have elected to spend her untainted assets on counsel of her choice (again, she does not assert that she would have)—*Luis* was not decided until March 2016, more than *five years* after this Court appointed petitioner's counsel (R. 17, Order) and more than a year after petitioner's judgment became final. Because petitioner has not established, much less alleged, that *Luis* has been made retroactively applicable to cases on collateral review, *Luis* does not provide her any avenue for relief. *In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.") (quoting *Tyler v. Cain*, 533 U.S. 656, 663 (2001)). Even assuming that *Luis* announced a new rule of constitutional law (petitioner has not alleged that it does), petitioner has not "identif[ied] any Supreme Court decision that makes [*Luis*'s] ruling retroactively applicable to cases on collateral review, nor does any language in [*Luis*] suggest that the Supreme Court was making the new rule it announced retroactively applicable to cases on collateral review." *In re Mazzio*, 756 F.3d at 489-90. "Therefore, any new rule announced in [*Luis*] has not been made retroactive to cases on collateral review by the Supreme Court." *Id.* at 490. Because *Luis* is not retroactively applicable to cases on collateral review, it does not provide petitioner with any avenue for relief.[5] Even if the claims in petitioner's motion to amend related back to the claims in her timely-filed § 2255 motion—and they do not, for the reasons discussed above—they

_____

[5] Petitioner's counsel could not possibly have been constitutionally deficient for not predicting *Luis* five years in advance. *See Moore v. Mitchell*, 708 F.3d 760, 793 (6th Cir. 2013) ("[C]ounsel must be competent, not clairvoyant").

7

should be dismissed because *Luis* does not apply retroactively to cases, like petitioner's, that are on collateral review.

**III.**    **In any event, petitioner has not established that the United States exerted any pretrial restraint upon untainted assets, so her reliance upon *Luis* is unavailing.**

Finally, even if petitioner's *Luis*-based claims related back to her initial § 2255 motion, and even if *Luis* were retroactively applicable to cases on collateral review, petitioner's claims are still meritless because she has not established that she had any pretrial assets that were untainted by her charged offenses. Although petitioner alleges, without any support, that certain assets were "untainted" by her fraud and "unlawfully seized" (R. 329, Motion to Amend at 2), a jury, after hearing testimony and argument regarding those very assets, found that "all such assets were subject to forfeiture," i.e., that they were related to her criminal activity. (R. 234, Preliminary Order of Forfeiture at 2; *see also* R. 221, Special Verdict Form at 3-5 (listing three parcels of real property, a fishing boat and trailer, two bank accounts, $25,000 in cash, and three money judgments against petitioner totaling more than $2,500,000, all of which were either "proceeds" of the conspiracy or otherwise "involved in or traceable to property involved in" money laundering or structuring transactions).) Petitioner's counsel cannot be deemed ineffective for not attempting to locate untainted assets that did not exist. Moreover, petitioner swore in a financial affidavit at the outset of her case that she did not have any "assets" sufficient to afford counsel. (R. 17, Order.) Petitioner should be precluded from now claiming that her counsel was constitutionally deficient for not attempting to locate any untainted assets when petitioner herself previously swore that she had no assets whatsoever. Under any circumstances, petitioner's claims should be denied as meritless.

**CONCLUSION**

Neither of the claims in petitioner's motion to amend relate back to the claims in her timely-filed § 2255 motion. They are therefore untimely, and her motion to amend should be denied on that basis. Even if this Court finds that the claims relate back, they are meritless because *Luis* is not retroactively applicable to cases on collateral review, and because petitioner has not established that she had any untainted pretrial assets. Her motion to amend, along with her original § 2255 motion and all addendums and supplements, should be denied.

Respectfully submitted,

Nancy Stallard Harr
United States Attorney

By: *s/ Frank M. Dale, Jr.*
Frank M. Dale, Jr.
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on April 17, 2017, this response was filed electronically and a true copy was sent to petitioner by regular United States mail, postage prepaid, addressed as follows:

Tamral Guzman
BOP No. 43512-074
Carswell Federal Medical Center
P.O. Box 27137
Fort Worth, TX 76127

*s/ Frank M. Dale, Jr.*
Frank M. Dale, Jr.
Assistant United States Attorney

9