UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| TAMRAL GUZMAN, | ) | |
|---|---|---|
| Defendant-Petitioner, | ) | |
| v. | ) | Nos.: 3:10-CR-161-TAV-DCP |
| | ) | 3:15-cv-57-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are several motions pertaining to defendant-petitioner[1] Tamral Guzman's criminal case and associated civil case under 28 U.S.C. § 2255. Two of these motions relate to defendant's sentence in her criminal case: she has moved for a reduction in her sentence under 18 U.S.C. § 3582 and Amendment 782 of the United States Sentencing Guidelines [Doc. 343], and for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 352]. The remaining three motions apparently pertain to defendant's § 2255 motion, which this Court denied on March 30, 2018: she has moved for leave to proceed in forma pauperis on appeal [Doc. 345] and for a certificate of appealability [Doc. 346], and also for a traceability hearing and entry of final judgment on the civil docket [Doc. 353]. These motions will be addressed in turn.

---

[1] For the sake of simplicity this opinion will refer to Guzman as merely as "defendant" rather than the technically correct term, "defendant-petitioner."

## I. Reduction of sentence under 18 U.S.C. § 3582 and Amendment 782

Defendant seeks a sentence reduction in light of Amendment 782, which lowers the base offense level for many drug offenses [Doc. 343]. However, because Amendment 782 does not reduce defendant's guidelines range, she is ineligible for any sentence reduction under 18 U.S.C. § 3582(c)(2). This motion will therefore be denied.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.*

Here, defendant was deemed responsible for a quantity of oxycodone equivalent to 127,564 kilograms of marijuana [Doc. 291], which, under the version of the guidelines in effect at the time of her sentencing, was well over the 30,000 kilograms required for the highest base offense level of 38. Defendant also received a two-level enhancement for maintaining drug premises, a two-level enhancement for obstructing justice, a two-level enhancement for money-laundering, a four-level leadership-role enhancement, and a three-level reduction for acceptance of responsibility as to the money-laundering offense, resulting in a total offense level well in excess of 43, which is treated as if it were 43.

Because of defendant's high drug quantity, relief under Amendment 782 is unavailable. Even under the lower limits established by Amendment 782, under which base offense level 38 applies to quantities in excess of 90,000 kilograms of marijuana, defendant's drug quantity—127,564 kilograms of marijuana equivalent—still results in a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1) (2016). Defendant's total offense level and guidelines range are thus unchanged. Because Amendment 782 does not lower defendant's guidelines range, this Court cannot reduce her sentence. This motion will therefore be denied.

## II. Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)

Defendant has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 342], which allows the Court to "modify a term of imprisonment" if "extraordinary and compelling reasons warrant such a reduction." However, the statute permits a defendant to file such a motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant's motion does not indicate whether she has satisfied, or has attempted to satisfy, this exhaustion requirement. The Court therefore lacks statutory authorization to modify defendant's sentence under § 3582(c)(1)(A), and so defendant's motion on that basis will be denied [Doc. 342].

### III. In forma pauperis status and certificate of appealability

With respect to her previously denied motion under § 2255, Defendant has moved for leave to proceed in forma pauperis on appeal [Doc. 345] and for a certificate of appealability [Doc. 346]. But the Court has already ruled on this issue. The memorandum opinion denying defendant's § 2255 motion provided as follows:

> The Court will CERTIFY that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will DENY petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. Proc. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability SHALL NOT ISSUE. 28 U.S.C. § 2253; Fed. R. Ap. Proc. Rule 22(b).

Defendant does not mention this ruling and has made no argument about why the Court should reconsider it. Therefore both of these motions will be denied [Docs. 345, 346].

### IV. Traceability hearing and entry of judgment on the civil docket

Finally, defendant has moved for a traceability hearing with respect to the seizure of purportedly untainted property, and for entry of judgment on the civil docket [Doc. 353]. The former will be denied, and the latter granted.

Defendant argues that some of her untainted property was illegally seized pretrial by the government, which prevented her from retaining counsel and thus violated her Sixth Amendment right to her choice of counsel under *Luis v. United States*, 136 S. Ct. 1083 (2016). This argument was raised and rejected, for multiple reasons, in this Court's prior

memorandum denying her § 2255 motion [Doc. 340]. It is therefore not necessary to hold a hearing on this issue. This part of defendant's motion will be denied.[2]

Defendant also requests that judgment on her § 2255 motion be entered on the civil docket, rather than just the related criminal docket. The motion will be granted to this extent only.

**V.    Conclusion**

For the reasons explained above, defendant's motion for a reduction in her sentence [Doc. 343] is **DENIED**. Defendant's motion for compassionate release is also **DENIED** [Doc. 352]. With respect to defendant's civil case, her motion for leave to proceed in forma pauperis on appeal [Doc. 345] and for a certificate of appealability [Doc. 346] are both **DENIED**. Finally, defendant's motion for a traceability hearing and entry of judgment on the civil docket [Doc. 353], is **GRANTED** only to the extent that the Clerk of Court is **DIRECTED** to enter the Court's judgment [Doc. 341] on the civil docket for defendant's § 2255 case, No. 3:15-cv-57-TAV. The motion is otherwise **DENIED** [Doc. 353].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2] To the extent this motion also requests a certificate of appealability on this issue, it is also denied for the reasons given in the Court's prior memorandum opinion, quoted on the previous page.