UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

V.

TAMRAL GUZMAN

NO. 3:10-CR-00161-1

DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND/OR MODIFICATION PURSUANT TO 18 USC SECTION 3582

MOTION FOR RULE 32.2 HEARING ON FORFEITURE

MOTION FOR INDICATIVE RULING PURSUANT TO RULE 62.1

MOTION FOR APPOINTMENT OF COUNSEL

The Defendant Tamral Guzman, pro se, files the above referenced Motions praying the Court will grant the relief requested below. In support, the Defendant presents the following:

RELEVANT CASE BACKGROUND

The Defendant was convicted after a jury trial on a 57-count indictment for operating a pain clinic that allegedly prescribed and distributed controlled substances, pain pills. The Defendant was sentenced to 240 months and a forfeiture judgment of approximately $2,500,000.

The Defendant filed an appeal. The Sixth Circuit Court of Appeals affirmed the conviction on July 2, 2014. United States v. Guzman, 571 Fed. Appx. 356 (6th Cir. 2014).

The Defendant filed a timely Section 2255 Motion, which was denied by the Court. An appeal of the denial of a certificate of appealability is pending before the Sixth Circuit.

The Defendant moved the Court for relief pursuant to Section 3582 for compassionate relief because she has cancer. This motion was denied.

The Defendant was deprived of any offset for legitimate services provided and/or money she did not obtain from a crime. Additionally, property was seized that the Defendant owned prior to the alleged beginning of the conspiracy. The Defendant was never given notice that substitute properties would be seized and pursuant to Honeycutt, it may not be lawful.

Essentially, the Government did a blanket seizure/forfeiture of all property owned by the Defendant without proving these properties were obtained due to a crime.

GROUNDS FOR RELIEF

1. Pursuant to Honeycutt v. United States, 137 S. Ct. 1636 (2017), the Defendant cannot be held "jointly and severally liable for property that his co-conspirators derived from the crime that the defendant himself did not acquire." The Defendant believes she is due a hearing on the forfeiture/restitution amount, where the burden of proof is on the Government. The Defendant was deprived of any offsets for legitimate services and property was seized that was not directly or indirectly obtained as the result of a crime. 137 S. Ct. at 1628.

2. In accordance with Rule 62.1, the Defendant moves the Court to consider the issue of compassionate relief, after the Federal Defenders Service briefs the issue. Their office has recently obtained the Defendant's medical records, but cannot

move without the Court appointing them, agreeing to consider granting the claim, and then certifying to the Sixth Circuit that if the appeal were remanded it would grant relief.

JURISDICTION

The First Step Act changed 18 USC Section 3582 and now allows the Court to reduce or modify a sentence after the defendant makes a request to the warden. The Defendant made a request to the warden in 2019. Please see, Exhibit-A, Request to the Warden. The 30-day time limit for a response has expired.

This is the proper proceeding to present this claim to the Court. Forfeiture and/or restitution orders cannot be challenged in habeas proceedings. The Sixth Circuit Court of Appeals has recognized that the Honeycutt case is applicable to forfeiture/restitution and 18 USC Section 981/982. See, United States v. Elliott, 876 F.3d 855 (6th Cir. 2018)

RELIEF REQUESTED

The Defendant was improperly held liable for over $2.5 million. The Defendant moves the court for:

1. A hearing, by jury, in accordance with Federal Rules of Criminal Procedure, Rule 32.2, for the proper adjudication of the forfeiture/restitution; and,

2. Appointment of counsel to professionally investigate, review evidence, and brief this forfeiture claim, in accordance with the Defendant's Sixth Amendment right to counsel in a criminal proceeding. The Court may note that the Defendant is suffering with cancer and is prescribed medications which affect her cognitive abilities. She is being assisted by a fellow inmate who will be released soon;

3. Grant an indicative ruling and certify to the Sixth Circuit that if the case were remanded the Court would grant relief; and,

4. Issue a writ for the Defendant to be brought back to the District to work with appointed counsel to prepare for the hearing.

The Defendant would like to present evidence that she did not personally profit and/or obtain over $2.5 million, as stated in the forfeiture/restitution orders. The Defendant has records which prove that the Defendant did not receive over $2.5 million from selling pills for cash. If allowed to present these records or if the Government chooses to stipulate to a certain amount considerably less than $2.5 million, the Defendant's relevant conduct for the selling of pain pills, would be considerably less. This is a sentencing error that might lead the Court to grant a lesser sentence.

Additionally, the Defendant would like to present medical evidence of the denial of adequate medical care. The Defendant has previously requested compassionate relief, without the assistance of counsel, but now the Federal Defenders Service has the Defendant's medical records to substantiate the claims. The Defendant has battled cancer for most of her incarceration.

ARGUMENTS AND AUTHORITIES IN SUPPORT OF RELIEF

The Supreme Court held in Honeycutt that a defendant can only be held liable for proceeds he obtained directly or indirectly from his unlawful conduct, the crime he committed. Section 3582 allows the Court to reduce or modify a sentence under the standard of "extraordinary or compelling reasons" or for compassionate release. The Defendant qualifies for relief under Honeycutt and Section 3582.

The Second, Fifth, Sixth and Eleventh Circuits all agree that Honeycutt is applicable to forfeitures obtained pursuant to 18 USC Section 981 and 982. See, United States v. Gil-Guerrero, 759 Fed. Appx. 12 (2d Cir. 2018); United States v. Sanjar, 876 F.3d 725, 749 (5th Cir. 2018); United States v. Elliott, 876 F.3d 855(6th Cir. 2017); and United States v. Bradley, ____ F.3d ____ (6th Cir. 2018). The forfeiture/restitution order in the present case includes the use of both Sections and 31 USC 5317. Because it is a statutory interpretation by the Supreme Court, the decision in Honeycutt is retroactive. Garland v. Roy, 615 F.3d 391, 396 (5th Cir. 2010).

The Defendant respectfully moves for a Rule 32.2 hearing and request that a jury be empanelled to hear evidence, unless the Government chooses to stipulate to a lower amount for the forfeiture/restitution and intended loss. The Defendant is not liable $2.5 million in seized properties and restitution, therefore, she is due a hearing. The burden is on the Government to prove the Defendant obtained $ 2.5 million through unlawful conduct. The Defendant has documents to prove otherwise, but is willing to reach an agreement to stipulate to a fair amount.

With the assistance of appointed counsel, the Defendant can provide authenticate records which prove the Defendant did not obtain over $2.5 million in cash and property, directly or indirectly due to unlawful conduct. Legitimate payments were made by for some services that were appropriately rendered and the Defendant owned some of the forfeited properties prior to the alleged conspiracy. Based to the Honeycutt case, these properties were not obtained due to unlawful conduct.

Because Rule 32.2 is a criminal proceeding, the Defendant should have appointed counsel, preferably the Federal Defender's Service. The forfeiture hearing is a critical stage of the proceedings and triggers the Sixth Amendment right to counsel.

The Defendant prays the Court will grant appointment of counsel so that her medical records can be provided to the Court under seal, to prove the seriousness of her medical problems. The Defendant would like to present her medical records to the Court, in support of receiving compassionate release pursuant to Section 3582. In the event that the Court does not appoint counsel, the Defendant moves the Court to allow the Federal Defender's Office to supplement the record.

In the alternative to reviewing the forfeiture order pursuant to Section 3582, the Defendant moves the Court to consider relief under the All Writs Act. The Sixth Circuit has recognized, or assumed without deciding, that the All Writs Act remains available in criminal cases under the proper circumstances. United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). At least one district court has granted a writ of audita querela to apply the Honeycutt case. See, United States v. Crews, No. 10-633-04, ECF Nos. 607 & 628 (E.D. Pa. Jan. 23, 2018). The Government agreed that Honeycutt should be applied retroactively in the Crews case.

For the reasons presented, the Defendant prays the Court will issue a writ to have the Defendant brought back to the District to work with appointed counsel, in preparation for a Rule 32.2 and Section 3582 hearing.

Respectfully Submitted,
*Tamral Guzman*
Tamral Guzman, Defendant
February 11, 2020

Reg. No. 43512-074
FCI-Tallahassee
PO Box 5000
Tallahassee, FL 32314

CERTIFICATE OF SERVICE

A copy of the same has been served on the U.S. Attorney's Office by the electronic filing of this Motion by the U.S. District Clerk.
*Tamral Guzman*
Tamral Guzman