UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:10-CR-161-TAV-DCP-1 |
| TAMRAL GUZMAN, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendant's Motion for Court Ordered Production of Medical Records [Doc. 363], Motion for Clarification of the Order [Doc. 365] and Motion for Sentence Reduction and/or Modification Pursuant to 18 U.S.C. § 3582 [Doc. 367]. For the reasons stated below, defendant's motions [Docs. 363, 365, and 367] are **DENIED**.

**I.** Background

In September 2012, a jury convicted defendant on fifty-seven (57) felony counts arising from the operation of an illicit pain management clinic, including conspiracy to distribute controlled substances, including oxycodone, hydrocodone, and others, in violation of 21 U.S.C. § 846; possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(ii); and money structuring, in violation of 31 U.S.C. §§ 5323(a)(3), 5324(d)(2) [Doc. 259, pp. 1–2].

The Court ultimately sentenced defendant to a total term of 240 months' imprisonment for these offenses [*Id*. at 2–3]. In addition, defendant was sentenced to an additional eighteen (18) months, to be served consecutively, for absconding before the last day of trial [*Id*. at 1–3; Doc. 233-5, p. 1]. The Court ordered defendant to pay a $5,800 special assessment but did not order any fine or restitution [Doc. 259, p. 6]. Consistent with a preliminary order of forfeiture [Doc. 234], the Court ordered that defendant would forfeit the following property to the United States:

    a.    <u>Real Property</u>

        1. located at 2817 France Court, Maryville, Tennessee[;]
        2. located at 3536 Garner Circle, Maryville, Tennessee;
        3. located at 4171 Bear Hollow Loop, Louisville, Tennessee;

    b.    <u>Vehicles</u>

        2008 Tracker Deep-V Fishboat (Hull ID No. BUJ63861D808), a 2008 Mercury motor (serial number 1A312228) and a 2008 boat trailer (serial number 4TM12EJ208B001045);

    c.    <u>Money Judgments</u>

        1. A personal money judgment in favor of the United States and against TAMRAL GUZMAN in an amount not less than $2,149,025.59, representing the amount of money involved in the defendant['s] offenses in violation of Title 21, United States Code, Sections 846 and 841.

        2. A personal money judgment in favor of the United States against TAMRAL GUZMAN, in a[n] amount not less than $65,712.40, representing the amount of money involved in the defendant's offenses in violation of Title 18 United States [sic] Code, Section 1956.

2

> 3. A personal money judgment in favor of the United States and against TAMRAL GUZMAN, in a[n] amount not less than $298,020, representing money involved in the defendant's offense in violation of Title 31, United States Code, Section 5324.
>
> d. <u>Bank Accounts</u>
>
> 1. Contents of ORNL account, account number XXX6480, in the name of Tamral Guzman, in the amount of $1,658.72; and
>
> 2. Contents of ORNL account, account number XXX6481, in the name of Maryville Pain Management, LLC, in the amount of $168,134.22[.]
>
> e. <u>United States Currency</u>
>
> 1. Approximately $25,000.00 in U.S. currency seized from Retha Alexander at IRS-CID, 412 North Cedar Bluff Road, Suite 302, Knoxville, Tennessee on December 15, 2010;
>
> 2. Approximately $2,480.00 in U.S. currency seized from 118 Parliament Drive, Maryville, Tennessee, on December 14, 2010; and
>
> 3. Approximately $215.00 in U.S. currency seized from 118 Parliament Drive, Maryville, Tennessee, on December 14, 2010[.]

[*Id*. at 7–8]. The jury specifically found, by a preponderance of the evidence, that this property was subject to forfeiture [Doc. 221].

After this Court entered judgment, defendant, through counsel, appealed, challenging several aspects of the trial, but not challenging the preliminary order of forfeiture, as incorporated in the judgment [Docs. 276, 299]. The Sixth Circuit affirmed defendant's convictions [Doc. 299]. Shortly after the Sixth Circuit's affirmance, this

3

Court entered a Final Order of Forfeiture as to the property listed in the judgment [Doc. 300].

Defendant next filed a pro se motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255 [Doc. 303]. In that motion, defendant raised, for the first time, a claim that this Court erred in establishing the amount of forfeiture [*Id*. at 12]. Specifically, she contended that the same monetary amounts were charged against her up to three times, both for the drug conspiracy charges, the money laundering charges, and the money structuring charges [*Id*.]. This Court denied defendant's § 2255 motion on all grounds [Doc. 340]. As to the forfeiture issue, this Court noted that defendant's claims were not properly before the Court, as forfeiture is not a sufficient restraint on liberty to meet the requirements for habeas corpus relief [*Id*. at 22]. To the extent defendant claimed that her counsel was ineffective in failing to raise forfeiture issues, the Court found that such was meritless, because the scope of the forfeitures that were triggered by defendant's offenses varied according to the applicable statutory basis, and defendant's generalized assertions of error were based on a misunderstanding of forfeiture [*Id*.].

Defendant appealed this Court's order denying her § 2255 motion [Doc. 342]. However, defendant waived review of her forfeiture argument, because she failed to raise it in her motion for a certificate of appealability before the Sixth Circuit [Doc. 348, p. 3]. The Sixth Circuit denied a certificate of appealability, ending defendant's appeal of her § 2255 motion [Doc. 348].

While her motion for a certificate of appealability was pending, defendant moved for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines [Doc. 343]. While that motion remained pending, defendant filed a pro se emergency motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 352]. She further filed a Motion for Retrospective Traceability Hearing, regarding alleged error in the pretrial seizure of certain property [Doc. 353]. In an omnibus order, this Court denied defendant's motions for a sentence reduction and compassionate release and denied defendant's motion for traceability hearing in all relevant respects [Doc. 356]. Specifically, the Court denied defendant's motion for a sentence reduction under Amendment 782, because that amendment did not reduce her guideline range, denied her motion for compassionate release for failure to exhaust, and denied her request for a "traceability hearing" because the Court had previously rejected the same argument in denying her § 2255 motion [*Id.*].

Defendant then appealed the Court's order denying these motions [Doc. 357]. She also filed a motion for reconsideration of the denial of her motion for compassionate release [Doc. 358]. The Court denied defendant's motion for reconsideration, noting that her notice of appeal divested this Court of jurisdiction and transferred jurisdiction to the court of appeals [Doc. 364]. The Sixth Circuit affirmed on appeal [Case No. 3:15-cv-57, Doc. 4].

While her appeal was pending, however, defendant filed the following motions, which are now before the Court: (1) Motion for Court Ordered Production of Medical

5

Records [Doc. 363]; (2) Motion for Clarification of the Order [Doc. 365]; and (3) Motion for Sentence Reduction and/or Modification Pursuant to 18 U.S.C. § 3582 [Doc. 367]. In her Motion for Court Ordered Production of Medical Records, defendant asks the Court to order the Bureau of Prisons ("BOP") to provide her full medical records to the Federal Defender Services of Eastern Tennessee ("FDSET") for purposes of a compassionate release motion [Doc. 363]. In her Motion for Clarification of the Order, defendant asks for clarification of the order denying her motions for compassionate release and a sentence reduction under Amendment 782 [Doc. 364], and states that she is seeking assistance with how to appeal part of the judgment, while allowing the Court to retain jurisdiction over issues not appealed [Doc. 365].

Finally, in her § 3582 motion, defendant contends that she was erroneously held jointly and severally liable for property that her co-conspirators derived from the crime that she herself did not acquire, and argues that she is due a hearing on the forfeiture and restitution amounts in her case [Doc. 367, p. 1]. She argues that § 3582 is the appropriate method to challenge forfeiture and restitution because it cannot be raised in a habeas petition [*Id.* at 2]. She requests a hearing before a jury regarding forfeiture and restitution, as well as appointment of counsel for purposes of this hearing [*Id.*]. Alternatively, she contends that she is due relief under the All Writs Act [*Id.* at 3]. In the same motion, defendant asks the Court to consider the issue of compassionate release once FDSET files a motion [*Id.* at 1]. She states that FDSET has received her medical records but needs the Court to appoint them and certify to the Sixth Circuit that, if the

6

appeal is remanded, the Court would grant relief [*Id*. at 1–2]. Finally, defendant contends that she is receiving inadequate medical care in prison [*Id*. at 2].

## II. Analysis

### A. Compassionate Release Related Requests

First, to the extent that defendant requests that the Court order the BOP to provide FDSET with her medical records [Doc. 363], it appears this issue is moot, as defendant has now stated that FDSET is in possession of her medical records [Doc. 367, pp. 1–2], and defendant has filed a pro se motion for compassionate release, to which she has attached various medical records [Doc. 371]. Accordingly, defendant's Motion for Court Ordered Production of Medical Records [Doc. 363] is **DENIED** as moot. Further, defendant's request that the Court appoint counsel for purposes of a compassionate release motion [Doc. 367, p. 2] is also **DENIED** as moot, as FDSET has already been appointed to file a supplement in any case where a defendant files a pro se motion for compassionate release pursuant to § 3582(c)(1)(A). *See* E.D. Tenn. SO-19-04 (Mar. 26, 2019).

Moreover, to the extent that defendant seeks an indicative ruling on the issue of compassionate release [Doc. 367, pp. 1–2], or clarification regarding the retention of jurisdiction over the issue of compassionate release [Doc. 365], those requests are also **DENIED** as moot, as the Sixth Circuit has now affirmed this Court's prior denial of defendant's motion for compassionate release [Case No. 3:15-cv-57, Doc. 4], and the denial of defendant's prior motion for compassionate release was without prejudice, *see*

7

*United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (indicating that the appropriate remedy for a motion for compassionate release filed before the required 30-day exhaustion window ran its course is dismissal without prejudice). Thus, nothing prevents defendant from filing a new motion for compassionate release. Finally, the Court notes that, on November 23, 2020, defendant filed a pro se motion for compassionate release [Doc. 371], which remains pending before the Court. Such motion will be ruled upon separately, in due course.

### B. Forfeiture Issue

As to defendant's argument, seeking relief from the forfeiture and restitution amounts in the judgment, under § 3582(c)(2), the Court first notes that no amount of restitution was ordered [Doc. 259]. Accordingly, the Court construes defendant's § 3582(c)(2) motion as relating only to the forfeiture set forth in the judgment.

A defendant is eligible for a sentence reduction pursuant to § 3582(c)(2) if: "(1) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Joiner*, 727 F.3d 601, 604 (6th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)) (internal quotation marks omitted). Clearly, § 3582(c)(2) does not apply to forfeiture issues, since forfeiture is not a "term of imprisonment." Instead, "a defendant wishing to appeal a forfeiture must appeal the original preliminary order as entered in the judgment, and cannot appeal the later-issued Final Order." *United States v.*

8

*Gallion*, 534 F. App'x 303, 310 (6th Cir. 2013) (citing *United States v. Christunas*, 126 F.3d 765, 768-69 (6th Cir. 1997)). Here, defendant did not raise this issue on her direct appeal, and she cannot now raise it through a § 3582(c)(2) motion.

Further, to the extent that defendant seeks the same relief under the All Writs Act, a court may only modify a sentence as permitted by statute. *See United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) ("[t]he authority of a district court to resentence a defendant is limited by statute" and resentencing is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress."). "The All Writs Act provides the vehicle by which the federal courts may issue writs in exercise of their clearly delineated jurisdiction, but the Act does not amount to an independent jurisdictional grant in the absence of an express statutory grant of subject matter jurisdiction." *Daniels v. United States*, 25 F. App'x 355, 356 (6th Cir. 2002) (citing *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970)). Because defendant has pointed to no authority granting the Court jurisdiction to modify the forfeiture amount in the judgment, the All Writs Act is not an independent source of jurisdiction which grants the Court such authority.

Accordingly, defendant's request for a hearing as to the amount of forfeiture set forth in the judgment [Doc. 367, pp.1–2] is **DENIED**. Moreover, because defendant has stated no ground for relief from the forfeiture amount in the judgment, defendant's accompanying request for the appointment of counsel to assist with a hearing on this matter [*id.* at 2] is **DENIED** as moot.

C. **Medical Care Claim**

Finally, defendant's single statement in her Motion for Sentence Reduction and/or Modification Pursuant to 18 U.S.C. § 3582 that she is not receiving adequate medical care in prison [Doc. 367, p. 2] is not properly raised in this criminal matter. Defendant does not cite, nor is the Court aware of, any authority for reducing a defendant's sentence based on an allegation regarding inadequate provision of medical care. However, to the extent that defendant wishes to raise this as a point in support of her motion for compassionate release, she is free to argue that point in briefing on that matter. Further, to the extent that defendant seeks to argue that her civil rights have been violated, defendant has not filed a separate civil proceeding raising this claim, and it is not properly raised in a criminal proceeding. Because, here, defendant merely states that she is receiving inadequate medical care in the context of her § 3582(c)(2) motion, and because such is not a ground for a sentence reduction under § 3582(c)(2), defendant's request [Doc. 367, p. 2] is **DENIED**.

III. **Conclusion**

For these reasons, defendant's Motion for Court Ordered Production of Medical Records [Doc. 363], Motion for Clarification of the Order [Doc. 365] and Motion for Sentence Reduction and/or Modification Pursuant to 18 U.S.C. § 3582 [Doc. 367] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE